# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| CROSSPOINT CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-cv-00146-JAW |
| | ) | |
| A. PENDER MAKIN, in her official | ) | |
| capacity as Commissioner of the | ) | |
| Maine Department of Education, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Now come the defendants, A. Pender Makin, in her official capacity as Commissioner of

the Maine Department of Education, and Jefferson Ashby, Edward David, Julie Ann O'Brien,

Mark Walker, and Thomas Douglas, in their official capacities as Commissioners of the Maine

Human Rights Commission, and answer plaintiff's complaint as follows:

1. Defendants deny the allegations made in this paragraph.

2. Defendants admit the allegations made in the first sentence of this paragraph. Defendants

admit that prior to 1980, sectarian schools were permitted to participate and that from

1981 until the Supreme Court's decision in *Carson*, sectarian schools were excluded.

Defendants are otherwise without knowledge or information sufficient to form a belief as

to the truth of the allegations made in the second sentence of this paragraph and therefore

deny same

3. Defendants admit that in 2021, the Legislature struck a provision exempting all religious

organizations from the prohibition against sexual orientation discrimination and replaced

it with a provision stating: "Nothing in this section . . . [r]equires a religious corporation,

association or society that does not receive public funding to comply with this section as it

relates to sexual orientation or gender identity." Defendants deny that this was a "poison pill." Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

4.  Defendants deny the allegations made in this paragraph.

5.  Defendants deny the allegations made in this paragraph.

6.  Defendants deny the allegations made in this paragraph.

7.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

8.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

9.  Defendants admit the allegations made in this paragraph.

10. Defendants deny the allegations made in this paragraph.

11. Defendants admit only that Commissioner Makin has joint rule-making authority with the commission to effectuate the subchapter of the Maine Human Rights Act prohibiting discrimination with respect to educational opportunity and otherwise deny the allegations made in this paragraph.

12. Defendants Ashby, David, O'Brien, Walker, and Douglas admit that they are Commissioners of the Maine Human Rights Commission with the powers and duties set forth in 5 M.R.S. § 4566 and otherwise deny the allegations made in this paragraph.

13. Defendants Ashby, David, O'Brien, Walker, and Douglas admit only that they have the duty to investigate all forms of invidious discrimination and that they have joint rule-making authority with Commissioner Makin to effectuate the subchapter of the Maine

Human Rights Act prohibiting discrimination with respect to educational opportunity and otherwise deny the allegations made in this paragraph.

14.    Defendants admit the allegations made in this paragraph.

15.    Defendants admit that plaintiff purports to file this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201(a) and 2202 and seek a declaratory judgment and injunctive relief. Defendants deny that plaintiff is entitled to any relief.

16.    Defendants deny the allegations made in this paragraph.

17.    Defendants admit that to the extent this Court has jurisdiction over this action, venue is proper in this judicial district.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

25.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

26.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

27.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

28.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

29.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

30.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

31.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

32.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

33.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

34.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

35.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

42. Defendants admit that 20-A M.R.S. § 2(1) states that "[i]t is the intent of the Legislature that every person within the age limitations prescribed by state statutes shall be provided an opportunity to receive the benefits of a free public education" and otherwise deny the allegations made in this paragraph.

43. Defendants admit that 20-A M.R.S. § 2(2) states that "[i]t is the intent of the Legislature that the control and management of the public schools shall be vested in the legislative and governing bodies of local school administrative units, as long as those units are in compliance with appropriate state statutes" and otherwise deny the allegations made in this paragraph.

44. Defendants admits that 20-A M.R.S. § 5204(4) states that "[a] school administrative unit that neither maintains a secondary school nor contracts for secondary school privileges

pursuant to chapter 115 shall pay the tuition, in accordance with chapter 219, at the public school or the approved private school of the parent's choice at which the student is accepted" and otherwise deny the allegations made in this paragraph.

45. Defendants are without knowledge or information sufficient to form a belief as to whether 1873 is the correct date for the creation of the "tuitioning program" as private schools were in use for the provision of secondary education and receiving public funds prior to that date and therefore deny the allegations made in this paragraph.

46. Defendants admit the allegations made in subparagraphs a, b, c, and e.  In further response, defendants state that subparagraph d requires private schools to comply with reporting, auditing, and applicable student assessment, curriculum, health and safety, and service of students with disabilities requirements.

47. Defendants admit that an SAU that pays tuition does not select which schools receive tuition payments.  Defendants deny that the statute requires an SAU to contract "with a single school" if it contracts for schooling privileges.  Defendants admits that parents are solely responsible for selecting the school their child attends.  In further response, defendants state that in order to have the tuition to the school of the parents' choice be paid by their SAU of residence, the school must be approved for tuition purposes. Defendants otherwise deny the allegations made in this paragraph.

48. Defendants admit that 20-A M.R.S. § 5203(4) states "A school administrative unit that neither maintains an elementary school nor contracts for elementary school privileges pursuant to chapter 115 shall pay the tuition, in accordance with chapter 219, at the public school or the approved private school of the parent's choice at which the student is accepted" and otherwise deny the allegations made in this paragraph.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same

50. Defendants admit the allegations made in this paragraph.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

58. Defendants admit the allegations made in this paragraph.

59. Defendants admit the allegations made in this paragraph.

60. Defendants admit the allegations made in this paragraph.

61. Defendants admit that one or more legislators described the practice of only hiring members of the same religion as discriminatory and that LD 182 failed.  Defendants are

otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

62. Defendants admit that one state interest advanced by the exclusion of sectarian schools is preventing public funds from being used to support institutions which, unlike public and nonsectarian private schools, are legally permitted to engage in discriminatory practices. Defendants otherwise deny the allegations made in this paragraph.

63. Defendants admit the allegations made in this paragraph.

64. Defendants deny the allegations made in this paragraph.

65. Defendants deny the allegations made in this paragraph.

66. Defendants admit the allegations made in this paragraph.

67. Defendants admit the allegations made in this paragraph.

68. Defendants admit the allegations made in this paragraph.

69. Defendants admit the allegations made in this paragraph.

70. Defendants deny the allegations made in this paragraph.

71. Defendants admit that as a result of the Supreme Court's decision in *Carson*, sectarian schools are eligible to participate in the tuitioning program and otherwise deny the allegations made in this paragraph.

72. Defendants deny the allegations made in this paragraph.

73. Defendants admit that the U.S. Court of Appeals for the First Circuit rejected Commissioner Makin's standing argument and otherwise deny the allegations made in this paragraph.

74. Defendants admit that while the *Carson* plaintiffs' petition for certiorari was pending before the Supreme Court, the Legislature considered and adopted P.L. 2021, Ch. 366, §

19, "An Act to Improve Consistency in Terminology and within the Maine Human Rights Act." Defendants otherwise deny the allegations made in this paragraph.

75. Defendants admit that among the many things Chapter 366 did was to add ancestry, color and religion to the protected categories in Section 4602 and struck the provision exempting all religious organizations from the prohibition against sexual orientation discrimination and replaced it with a provision stating: "Nothing in this section . . . [r]equires a religious corporation, association or society that does not receive public funding to comply with this section as it relates to sexual orientation or gender identity." Defendants otherwise deny the allegations made in this paragraph.

76. Defendants deny that Chapter 366 was a "poison pill" and otherwise admit the allegations made in this paragraph.

77. Defendants admit that Chapter 366 struck the provision exempting all religious organizations from the prohibition against sexual orientation discrimination and replaced it with a provision stating: "Nothing in this section . . . [r]equires a religious corporation, association or society that does not receive public funding to comply with this section as it relates to sexual orientation or gender identity." Defendants otherwise deny the allegations made in this paragraph.

78. Defendants deny that Chapter 366 was a "poison pill" and otherwise admit the allegations made in this paragraph.

79. Defendants deny the allegations made in this paragraph.

80. Defendants deny that Chapter 366 was a "poison pill." Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

81. Defendants admit that Chapter 366 took effect on October 18, 2021 and otherwise deny the allegations made in this paragraph.

82. Defendants admit that Commission Makin filed her response brief on October 22, 2021 and otherwise deny the allegations made in this paragraph.

83. Defendants deny the allegations made in this paragraph.

84. Defendants admit that the Attorney General's press release stated as is alleged and otherwise deny the allegations made in this paragraph.

85. Defendants deny the allegations made in this paragraph.

86. Defendants deny the allegations made in this paragraph.

87. Defendants admit that the then Speaker of the Maine House of Representatives stated in his "tweet" as is alleged and otherwise deny the allegations made in this paragraph.

88. Defendants incorporate by reference their responses to Paragraphs 1 through 87.

89. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is necessary, defendants admit the allegations made in this paragraph.

90. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is necessary, defendants admit the allegations made in this paragraph.

91. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is necessary, defendants admit the allegations made in this paragraph.

92. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is necessary, defendants deny the allegations made in this paragraph.

93. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is necessary, defendants admit the allegations made in this paragraph.

94. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is necessary, defendants admit the allegations made in this paragraph.

95. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

96. Defendants deny the allegations made in this paragraph.

97. Defendants deny the allegations made in this paragraph.

98. Defendants admit the allegations made in this paragraph.

99. Defendants deny the allegations made in this paragraph.

100. Defendants deny the allegations made in this paragraph.

101. Defendants deny the allegations made in this paragraph.

102. Defendants deny the allegations made in this paragraph.

103. Defendants deny the allegations made in this paragraph.

104. Defendants deny the allegations made in this paragraph.

105. Defendants deny the allegations made in this paragraph.

106. Defendants deny the allegations made in this paragraph.

107. Defendants deny the allegations made in this paragraph.

108. Defendants deny that the purpose of Chapter 366 was to moot a Supreme Court case and otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

109. Defendants deny that the purpose of Chapter 366 was to circumvent a Supreme Court case and otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

110. Defendants deny the allegations made in this paragraph.

111. Defendants deny the allegations made in this paragraph.

112. Defendants deny the allegations made in this paragraph.

113. Defendants deny the allegations made in this paragraph.

114. Defendants incorporate by reference their responses to Paragraphs 1 through 113.

115. Defendants admit that Commissioner Makin argued that if BCS accepted public funds, it would be subject to 5 M.R.S. § 4572(1)(A) and that it would then be unlawful for BCS to refuse to hire a person based on sexual orientation.  Defendants otherwise deny the allegations made in this paragraph.

116. Defendants admit that the U.S. Court of Appeals for the First Circuit rejected Commissioner Makin's standing argument and otherwise deny the allegations made in this paragraph.

117. Defendants admit the allegations made in this paragraph.

118. Defendants admit the allegations made in this paragraph.

119. Defendants deny the allegations made in this paragraph.

120. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is necessary, defendants admit the allegations made in this paragraph.

121. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is necessary, defendants admit the allegations made in this paragraph.

122. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is necessary, defendants deny the allegations made in this paragraph.

123. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is necessary, defendants deny the allegations made in this paragraph.

124. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

125. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

126. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

127. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

128. Defendants admit that under binding Supreme Court precedent, the Maine Human Rights Act's employment provisions could not be applied against Plaintiff with respect to employment actions relating to employees whose positions fall within the ministerial

exception.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

129. Defendants deny the allegations made in this paragraph.

130. Defendants deny the allegations made in this paragraph.

131. Defendants deny the allegations made in this paragraph.

132. Defendants incorporate by reference their responses to Paragraphs 1 through 131.

133. The allegations in this paragraph state legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit the allegations made in this paragraph.

134. The allegations in this paragraph state legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants admit the allegations made in this paragraph.

135. The allegations in this paragraph state legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations made in this paragraph.

136. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same

137. Defendants deny the allegations made in this paragraph.

138. Defendants deny the allegations made in this paragraph.

139. The allegations in this paragraph state legal conclusions to which no response is necessary.  To the extent a response is necessary, defendants deny that the allegations correctly state the holding in *Matal v. Tam*, 137 S. Ct. 1744 (2017).

140. Defendants deny the allegations made in this paragraph.

141. Defendants deny the allegations made in this paragraph.

142. Defendants deny the allegations made in this paragraph.

143. Defendants deny the allegations made in this paragraph.

144. Defendants deny the allegations made in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The matter is not ripe.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are not justiciable.

WHEREFORE, Defendants respectfully request judgment in their favor, along with their

costs and such other relief as the Court deems appropriate.

Dated:  May 12, 2023
Augusta, Maine

Respectfully submitted,
AARON M. FREY
Attorney General


s/ Christopher C. Taub_____
Christopher C. Taub
Chief Deputy Attorney General
Sarah A. Forster
Assistant Attorney General
Office of the Attorney General
State House Station 6
Augusta, ME 04333
Telephone: (207) 626-8800
Email: christopher.c.taub@maine.gov
        sarah.forster@maine.gov
*Attorneys for Defendants*

15

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 12th day of May, 2023, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.  To my knowledge, there are no non-registered parties or attorneys participating in this case.

/s/ Christopher C. Taub
CHRISTOPHER C. TAUB
Chief Deputy Attorney General
Six State House Station
Augusta, Maine  04333-0006
Tel.  (207) 626-8800
Fax (207) 287-3145
Christopher.C.Taub@maine.gov