UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREA BECKWITH, EAST COAST SCHOOL OF SAFETY, NANCY COSHOW, JAMES WHITE, J WHITE GUNSMITHING, ADAM HENDSBEE, A&G SHOOTING, THOMAS COLE, AND TLC GUNSMITHING AND ARMORY, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 1:24-cv-00384-LEW |
| AARON FREY, ATTORNEY GENERAL OF MAINE, | ) ) ) ) | |
| Defendant | ) | |

**ORDER ON PLAINTIFFS' MOTION TO STAY
PRELIMINARY INJUNCTION ORDER PENDING APPEAL**

The Plaintiffs in this action challenge the constitutionality of 25 M.R.S. § 2016 ("Waiting period after sale of firearm") ("the Act"). On February 13, 2025, I awarded the Plaintiffs a preliminary injunction barring the enforcement of the Act pending the completion of this litigation. Order on Pls.' Mot. for Prelim. Inj. Relief ("Order," ECF No. 30). Attorney General Frey filed a Notice of Appeal on February 17, 2025 (ECF No. 31). The matter is before the Court on Defendant's Motion to Stay the Preliminary Injunction Order Pending Appeal ("Motion," ECF No. 32).

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Appellate Procedure, a party appealing the entry of a preliminary injunction by the District Court may seek a stay of the injunction pending appeal.  Fed. R. App. P. 8(a).  Ordinarily, the party must first request such relief from the District Court.  Fed. R. App. P. 8(a)(1)(A).

To secure from a district court a stay of injunctive relief pending appeal, "the moving party need not persuade the court that it is likely to be reversed on appeal." *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 150 (D. Mass. 1998). However, "more than a mere possibility of relief is required." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). The provision of a stay pending appeal is a discretionary matter attuned to the circumstance of the case at hand. *Id.* at 433. The exercise of that discretion is guided by the moving party's ability to convincingly demonstrate the following: (1) likelihood of success on appeal; (2) irreparable harm absent injunctive relief; (3) a lack of substantial injury to others having an interest in the decision under appeal; and (4) service of the public interest. *Id.* at 434; *see also State of New Jersey v. Trump*, -- F.4th --, 2025 WL 759612, at *2 (1st Cir. Mar. 11, 2025); *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements Inc.*, 794 F.3d 168, 171 (1st Cir. 2015).

Of these elements, the "first two factors are the most critical," *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st 2010), but failure to "show a strong likelihood of success" on appeal is an independent basis for denial of an injunction pending appeal.

2

*Id.*; *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) (per curiam); *In re Elias*, 182 F. App'x 3 (1st Cir. 2006) (per curiam).

## ANALYSIS

The major argument of Attorney General Frey's Motion to Stay is that a stay will preserve lives. The secondary argument is that the Act is "presumptively lawful." Mot. at 1. For the reasons that follow, I find AG Frey's showing insufficient to meet the first two, most critical requirements for obtaining a stay pending appeal and therefore deny the request primarily on that basis. I also conclude that the third and fourth requirements do not favor a stay of the injunction pending appeal.

## A.    Likelihood of Success on the Merits

AG Frey's first argument, loss of life, is indeed potentially weighty, but it does not inform the merits inquiry. In *Bruen*, the Supreme Court eliminated the familiar means-ends test in Second Amendment challenges. Before *Bruen*, the alleged lifesaving benefits of a three-day waiting period may have been relevant to the merits of a constitutional challenge through a standard scrutiny analysis, but that has not been the law of the land for nearly three years. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). This is an unsubtle point that nevertheless appears lost in the shuffle, apparently to persuade me of the wisdom of the law to compensate for its potential constitutional shortcomings. But this is beside the point for purposes of constitutional review because even a wise law may be found unconstitutional. My preliminary conclusion is just that. Other courts will have the final word on the matter

and those courts, even if they disagree with my conclusion, will endeavor to faithfully apply the new constitutional standard in *Bruen*, not their personal policy preferences. So, while AG Frey predicts that the three-day waiting period may save lives, that has nothing to do with the constitutional analysis I am to apply, as expressed by the Supreme Court.

The second argument, although addressed to the merits inquiry, lacks merit. Because the Act proscribes conduct clearly covered by the Second Amendment, it is the conduct, rather than the Act, that is "presumptively protect[ed]" under Supreme Court precedent. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). And for the reasons set forth in the Order, Maine's new waiting period is inconsistent with the Nation's history and tradition of firearm regulation. Maine's waiting period "broadly restricts arms [access] by the public generally," *United States v. Rahimi*, 602 U.S. 680, 698 (2024), without attempting to calibrate the new access-to-arms restriction to history and tradition by limiting the law's application to members of the public who "pose a credible threat" to themselves or others. *Id.* at 700.

AG Frey's failure to "show a strong likelihood of success" on appeal is an independent basis for denial of an injunction pending appeal. *Respect Maine PAC*, 622 F.3d at 15; *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) (per curiam); *In re Elias*, 182 F. App'x 3 (1st Cir. 2006) (per curiam).

## B.    Irreparable Injury

On the issue of irreparable injury, I have previously concluded that the constitutional injury to Plaintiffs and to those on whose behalf they appear is the injury that requires the most solicitude in the context of litigation over the constitutionality of the Act.  AG Frey insists that the Plaintiffs' interest in avoiding that constitutional injury pales in comparison to the State's interest in preventing an injury measured by the loss of lives to individuals who may commit suicide with the use of a newly purchased firearm, characterizing Plaintiffs' interest but not the State's interest as "speculative at best."   Mot. at 1.

In fact, neither Plaintiffs' interest nor the State's interest is fairly characterized as speculative.  However, if the Act is unconstitutional—which it likely is—it will curtail the exercise of rights preserved under the Second Amendment by many members of the body politic on a regular, steady, and ongoing daily basis (measured by nearly every firearm sale in Maine during the pendency of this litigation), whereas the preliminary injunction barring enforcement of the Act pending further litigation may or may not result in a loss of life that could have been avoided by the enforcement of the Act.

Given the combined weight of a likely unconstitutional legislative regime, the ongoing daily infringement of the populace's Second Amendment rights in the absence of the preliminary injunction, and the Act's departure from history and tradition, I

conclude that the irreparable injury element, like the merits element, favors the Plaintiffs.

## C.    Remaining Considerations

When I consider the balance of impositions and the public's interest in this litigation, I am again mindful that the Act represents the far starker break with history and tradition—having in mind here the status quo—than does the preliminary injunction I recently entered.  Throughout its history, Maine has not sought to impose a waiting period on firearm purchases, despite the readily available idea that it might prevent the loss of life.  Maine's recent turnabout has upended long-standing expectations and restrained the orderly exercise of a right presumptively protected by the Second Amendment such that the relative balance of impositions on the parties and the public interest do not favor a stay pending appeal.  *See*, *e.g*., *New Jersey v. Trump*, -- F.4th at --, 2025 WL 759612, at *3 (discrediting petition for stay pending appeal based in part on Executive Branch's "dramatic[] break . . . disrupt[ing] longstanding governmental practices").

## CONCLUSION

Because I find that Defendant has not carried his burden with regard to either likelihood of success or irreparable injury, which are customarily deemed essential requirements for a stay pending appeal, and because I find that Defendant has not carried his burden as to the latter two considerations, Defendant's Motion to Stay the Preliminary Injunction Order Pending Appeal (ECF No. 32) is DENIED.

SO ORDERED.

Dated this 12th day of March, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge